**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In Re: | Chapter 11 |
|     5 Star Investment Group, LLC, | 16-30078-hcd |
|     5Star Portland Holdings, LLC, | 16-30079-hcd |
|     5 Star Investment Group V, LLC, | 16-30080-hcd |
|     5 Star Commercial, LLC, | 16-30081-hcd |
|     5 Star Investment Group VII, LLC, | 16-30082-hcd |
|     5 Star Holdings, LLC, | 16-30083-hcd |
|     5 Star Investment Group III, LLC, | 16-30084-hcd |
|     5 Star Indiana Holdings, LLC, | 16-30085-hcd |
|     5 Star Investment Group II, LLC, | 16-30086-hcd |
|     5 Star Investment Group IV, LLC, | 16-30087-hcd |
|     5 Star Capital Fund, LLC, | 16-30088-hcd |
|     Debtors. | |

---

**MOTION FOR JOINT ADMINISTRATION**
**AND REQUEST FOR EXPEDITED RELIEF**

---

COMES NOW each of the above referenced debtors (collectively "Debtors") and files this Motion for Joint administration (the "Motion"), which is being filed in each of the above captioned bankruptcy cases (collectively "Cases") pursuant to Bankruptcy Rule 1015(b) and 11 U.S.C. § 105(a).

**JURISDICTION**

1. On January 25, 2016 ("Petition Date"), each of the Debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division (the "Bankruptcy Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

LEGAL\25511912\2

3.  No Trustee or examiner has been appointed, and no committee has yet been appointed or designated.

4.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The authority for the relief requested herein is found at 11 U.S.C. § 105 and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### GENERAL BACKGROUND AND EVENTS LEADING TO BANKRUPTCY

6.  The Debtors are all limited liability companies organized under the laws of the State of Indiana. One hundred percent of the equity interests in all of the Debtors are owned by Earl Miller, and are "affiliates," as that term is defined at 11 U.S.C. § 101(2) by reason of such common ownership.

7.  As more fully discussed below, the Debtors' businesses fall into three general categories: (a) investments in apartment complexes; (b) investments in a variety of start-up companies; and (b) investments in single-family homes in northern Indiana and the Portland, Oregon area.

8.  **Apartment Business.** Debtor 5 Star Commercial, LLC ("5 Star Commercial") owns minority membership interests in eight limited liability companies that own and operate residential apartment buildings.

9.  **Investments in Start-Up Businesses.** Debtor 5 Star Capital Fund, LLC invested in and otherwise provided funds to several business ventures, with most of the funds provided to an as-yet-unformed business that was to manufacture and distribute a washing machine under the brand name "Ecowasher." According to the parties who solicited funds from 5 Star Capital, by a

2

process of oxidizing water, the Ecowasher makes it possible to wash clothing without the need for any detergents. The business that was to produce the Ecowasher was never formed, and none of the other investments have generated any revenue. The Debtors believe that a substantial portion of the funds provided by 5 Star Capital were procured on the basis of misrepresentations, and that there are viable claims against several of the businesses and individuals who received the funds.

10.     **Single-Family Homes.** All of the remaining Debtors' operations have involved the acquisition, rehabilitation, leasing, and sale of residential homes. Funds for the acquisition of the homes were raised from individual lenders, under promissory notes that were secured by mortgages on the specific property for which the lenders provided funds. Originally, the single-family home business involved properties in northern Indiana, but in 2014, operations expanded to the Portland, Oregon area.

11.     Under the Debtors' business model, after a property was acquired and rehabilitated, it would be leased to a tenant who would thereafter seek financing to purchase the property. While the property was leased, rent payments would be used to pay interest owing on the loans used to acquire the property and other expenses.

12.     The Debtors would assist the tenant in seeking financing through the FHA. When the financing was approved, the tenant would buy the property, and the sale proceeds would be used to pay the outstanding balance of the loans made with respect to the property, and in some instances the Debtors would realize a profit.

13.     Initially, the Debtors' lease and sale program was open to prospective tenant-purchasers with a credit score of 580, but the minimum credit score for eligibility was later

increased to 680. The more stringent eligibility standards significantly increased the marketing time for properties, and, accordingly, increased interest expense.

14. While the Debtors were able to fund interest payments and other expenses associated with occupied properties, revenues were not sufficient to meet obligations related to vacant properties.

15. By the middle of 2015, the Debtors were experiencing significant cash-flow problems. Despite cost-saving measures, including laying off all but one of their employees, management was not able to make the enterprise sustainable, and it began exploring restructuring possibilities.

16. The Debtors retained Global Impact Companies ("Global") to assist in working with creditors and management of the Debtors' finances.

17. Since being retained in July 2015, Global has devoted substantial time and effort in remedying serious deficiencies in the Debtors' accounting and cash management practices, and was able to negotiate tentative agreements with a number of the individual creditors who provided funding for the Debtors' various ventures.

18. In September, the Securities and Exchange Commission commenced an investigation into the operations of 5 Star Commercial and 5 Star Capital.

19. On November 5, 2015, the SEC commenced an action in the United States District Court for the Northern District of Indiana, captioned *United States Securities and Exchange Commission v. Earl D. Miller, 5 Star Commercial, LLC, and 5 Star Capital Fund, LLC*, Case No. 3:15-cv-00519 (the "SEC Action"), in which the SEC alleged violations of the Securities Exchange Act of 1933 and the Securities Exchange Act of 1934.

20. In the SEC Action, the SEC has sought relief including preliminary and permanent injunctive relief against actions in violation of the Securities Act and Exchange Act, disgorgement of amounts received by reason of the violations alleged in the complaint, and imposition of civil penalties.

21. On November 16, 2015, the SEC and the defendants in the SEC Action filed a joint motion seeking entry of an agreed order granting a preliminary injunction against the use, sale, or other disposition of the defendants' assets.

22. Since the commencement of the SEC Action, the Debtors have been communicating regularly with the SEC and have advised the SEC of their intent to seek relief under chapter 11 of the Bankruptcy Code. Based on those communications, the Debtors believe that the SEC does not object to the Debtors' attempt to reorganize or seek an orderly liquidation under chapter 11.

**RELIEF REQUESTED**

23. The Debtors seek entry of an order authorizing joint administration of the above-referenced chapter 11 cases. The Debtors request that the caption of their chapter 11 cases be modified to reflect the joint administration of the Chapter 11 Cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In Re: | Chapter 11 |
| | **Jointly Administered under Case No. 16-30078** |
| 5 Star Investment Group, LLC, | 16-30078-hcd |
| 5Star Portland Holdings, LLC, | 16-30079-hcd |
| 5 Star Investment Group V, LLC, | 16-30080-hcd |
| 5 Star Commercial, LLC, | 16-30081-hcd |
| 5 Star Investment Group VII, LLC, | 16-30082-hcd |
| 5 Star Holdings, LLC, | 16-30083-hcd |
| 5 Star Investment Group III, LLC, | 16-30084-hcd |
| 5 Star Indiana Holdings, LLC, | 16-30085-hcd |
| 5 Star Investment Group II, LLC, | 16-30086-hcd |
| 5 Star Investment Group IV, LLC, | 16-30087-hcd |
| 5 Star Capital Fund, LLC, | 16-30088-hcd |
| Debtors. | |

**BASIS FOR RELIEF**

24. In order to administer the multiple pending chapter 11 cases economically, such cases should be jointly administered, for procedural purposes only, under the case number assigned to 5 Star Investment Group, LLC. Except as otherwise provided below, any document filed with respect to any of the Debtors would be filed and docketed in the lead case.

25. The Debtors shall file separate schedules of assets and liabilities and statements of financial affairs, and separate claims registers shall be maintained for each case.

26. Fed. R. Bankr. P. 1015(b)(4), provides in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of estates…"

27. The Debtors are "affiliates" as that term is defined in 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

6

28. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect several or all of the Debtors. Joint administration will enable the Debtors to reduce fees and costs resulting from the separate administration and relieve the Debtors from various administrative burdens of having to file multiple documents.

29. At present, the Debtors are seeking only administrative, not substantive, consolidation of the estates, and the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of these chapter 11 cases.

30. Joint administration will reduce administrative expenses in all of the cases, and will therefore benefit all of the Debtors' creditors. Joint administration will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative dockets and files.

31. Based on the foregoing, the joint administration of the above-captioned chapter 11 cases is in the best interests of the Debtors, creditors, and all other parties in interest.

32. No prior request for the relief requested herein has been made to this Court in these Chapter 11 Cases.

**REQUEST FOR EXPEDITED RELIEF**

33. An order directing joint administration will not prejudice the rights or interests of any creditors, and will immediately reduce administrative expenses. Accordingly the Debtors request that the Court enter an order interim order directing joint administration. In the event that any objections to this Motion are filed, the Court could consider such objections, and, if necessary, enter a final order denying the motion.

**NOTICE**

34. The Debtors have served notice of this Motion on: (i) the office of the United States Trustee for the Northern District of Indiana; (ii) the Securities and Exchange Commission;

(iii) each of the Debtors' twenty (20) largest general unsecured creditors; (iv) all secured creditors; and (v) any party who has filed an appearance and served same on the Debtors prior to service (the "Initial Notice Parties").

Dated:  February 4, 2016

**COZEN O'CONNOR**

/s/ Thomas G. Wallrich
Thomas G. Wallrich (*admitted pro hac vice*)
33 South Sixth Street, Suite 4640
Minneapolis, MN 55402
Telephone:  612-260-9000

*Proposed Attorney for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| In Re: | Chapter 11 |
| 5 Star Investment Group, LLC, | 16-30078-hcd |
| 5Star Portland Holdings, LLC, | 16-30079-hcd |
| 5 Star Investment Group V, LLC, | 16-30080-hcd |
| 5 Star Commercial, LLC, | 16-30081-hcd |
| 5 Star Investment Group VII, LLC, | 16-30082-hcd |
| 5 Star Holdings, LLC, | 16-30083-hcd |
| 5 Star Investment Group III, LLC, | 16-30084-hcd |
| 5 Star Indiana Holdings, LLC, | 16-30085-hcd |
| 5 Star Investment Group II, LLC, | 16-30086-hcd |
| 5 Star Investment Group IV, LLC, | 16-30087-hcd |
| 5 Star Capital Fund, LLC, | 16-30088-hcd |
| Debtors. | |

---

**[PROPOSED] ORDER FOR JOINT ADMINISTRATION**

---

This matter came before the Court on the Debtors' Motion for Joint Administration. Appearances were noted on the record. Based upon the file, and the proceedings, and as set forth by the court on the record,

IT IS ORDERED:

    1.    The above-captioned cases shall be jointly administered by this Court for procedural purposes only.

    2.    All orders, pleadings, papers, and documents except proofs of claims shall be filed and docketed in case number 16-30078 (the "Lead Case"), and shall bear a caption substantially similar to the following:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In Re:     Chapter 11

**Jointly Administered under Case No. 16-30078**

| | |
|---|---|
| 5 Star Investment Group, LLC, | 16-30078-hcd |
| 5Star Portland Holdings, LLC, | 16-30079-hcd |
| 5 Star Investment Group V, LLC, | 16-30080-hcd |
| 5 Star Commercial, LLC, | 16-30081-hcd |
| 5 Star Investment Group VII, LLC, | 16-30082-hcd |
| 5 Star Holdings, LLC, | 16-30083-hcd |
| 5 Star Investment Group III, LLC, | 16-30084-hcd |
| 5 Star Indiana Holdings, LLC, | 16-30085-hcd |
| 5 Star Investment Group II, LLC, | 16-30086-hcd |
| 5 Star Investment Group IV, LLC, | 16-30087-hcd |
| 5 Star Capital Fund, LLC, | 16-30088-hcd |

    Debtors.

3.     All proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of more than one estate shall file a proof of claim in each case against which a claim may is asserted.

4.     Each Debtor shall file its monthly operating report under the original case number assigned to its case.

5.     The Court authorizes and directs that a notation substantially similar to the following be entered on the docket for each of the Debtors' case under the original case number:

> An order has been entered in this case granting and directing the joint administration of the Chapter 11 cases listed below.
>
> > 5 Star Investment Group, LLC, case no. 16-30078-hcd; 5 Star Portland Holdings, LLC, case no. 16-30079-hcd; 5 Star Investment Group V, LLC, case no. 16-30080-hcd; 5 Star Commercial, LLC, case no. 16-30081-hcd; 5 Star Investment Group VII, LLC, case no. 16-30082-hcd; 5 Star Holdings, LLC, case no. 16-30083-hcd; 5 Star Investment Group III, LLC, case no. 16-30084-hcd; 5 Star Indiana Holdings, LLC, case no. 16-30085-hcd; 5 Star Investment Group II, LLC, case no. 16-30086-hcd; 5 Star Investment Group IV, LLC, case no. 16-30087-hcd; 5 Star Capital Fund, LLC, case no. 16-30088-hcd

The docket in case no 16-30078 should be consulted for all matters affecting any of these cases.

Dated: _____                BY THE COURT:

                                         _____
                                         Harry C. Dees
                                         United States Bankruptcy Judge

3

LEGAL\25511912\2

**CERTIFICATE OF SERVICE**

   The undersigned, who is duly admitted to practice *pro hac vice* before this Court, hereby certifies that a copy of the above and foregoing was transmitted electronically through the Bankruptcy Court's ECF System, on February 4, 2016, to the following:

Angela D. Dodd on behalf of Creditor United States Securities & Exchange Commission
dodda@sec.gov

Nancy J. Gargula
USTPRegion10.SO.ECF@usdoj.gov

Harley K. Means on behalf of Interested Party Kenneth S. Eiler
hkm@kgrlaw.com

Katherine C. O'Malley on behalf of Debtor 1 5 Star Investment Group, LLC
komalley@cozen.com, akulbeik@cozen.com

Susan Jaffe Roberts on behalf of U.S. Trustee Nancy J. Gargula
susan.j.roberts@usdoj.gov

Ellen L. Triebold on behalf of U.S. Trustee Nancy J. Gargula
Ellen.L.Triebold@usdoj.gov

Thomas G. Wallrich on behalf of Debtor 1 5 Star Investment Group, LLC
twallrich@cozen.com, akulbeik@cozen.com;jaudette@cozen.com;jnesset@cozen.com

   The undersigned further certifies that a copy of the above and foregoing was sent by first class United States mail, postage prepaid on February 4, 2016, to the following:

   See attached service list

/s/ Thomas G. Wallrich
Thomas G. Wallrich

| | | |
|---|---|---|
| Artisan Builders Group, LLC<br>13727 CR 8<br>Middlebury, IN 46540 | Clifford Jay Witmer<br>23619 CR 32<br>Goshen, IN 46526 | Indiana Department of Revenue<br>Bankruptcy Section - MS 108<br>100 North Senate Avenue, N240<br>Indianapolis IN 46204 |
| Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | John Hooley<br>7295 N 900 W.<br>Shipshewana, IN 46565 | Melvin J. Hostetler<br>62267 Nottawa Road<br>Sturgis, MI 49091 |
| Office of the U.S. Attorney<br>5400 Federal Plaza, Suite 1500<br>Hammond, IN 46320 | Paul Witmer<br>10621 Notestine Road<br>Fort Wayne, IN 46835 | Perry Hostetler<br>62267 Nottawa Road<br>Sturgis, MI 49091 |
| Secretary of Treasury<br>15th & Pennsylvania Avenue<br>Washington DC 20220 | Securities & Exchange Commission<br>Bankruptcy Section<br>175 W. Jackson Blvd., Suite 900<br>Chicago IL 60604 | St. Joseph County Treasurer<br>County City Building<br>227 West Jefferson Blvd<br>South Bend IN 46601 |
| U.S. Securies & Exchange Commission<br>175 West Jackson Blvd.<br>Suite 900<br>Chicago, IL 60604 | Alvin Fry<br>10521 CR 42<br>Millersburg, IN 46543 | Amos E. Lengacher<br>8431 Milan Center<br>New Haven, IN 46774 |
| Archie V. Welder<br>5631 W. Muskrat Road<br>Sheridan, MI 48884 | Benjamin Wagler<br>9249 N 650 E.<br>Odon, IN 47562 | Christine Weiderman<br>65281 M 66<br>Sturgis, MI 49091 |
| David J. Lengacher<br>15314 Antwerp Road<br>Grabill, IN 46741 | David Schmucker Jr.<br>9921 Ricker Road<br>Grabill, IN 46741 | Douglas R. Burkholder<br>2 Courtney Lane<br>Nappanee, IN 46550 |
| Ernie Yoder<br>11331 CR 24<br>Middlebury, IN 46540 | Fred Witmer<br>11607 Notestine Road<br>Grabill, IN 46741 | Karen Andrews<br>916 Lynwood Drive<br>Goshen, IN 46526 |
| Laverne Mast<br>13764 CR 28<br>Middlebury, IN 46540 | Merle Yoder<br>63509 CR 31<br>Goshen, IN 46528 | Ned Carl Welder<br>5631 W. Muskrat Road<br>Sheridan, MI 48884 |
| Norman Schmucker<br>7720 Bruick Rd.<br>New Haven, IN 46774 | Pamela Meyer<br>421 Parkwood Avenue<br>Kalamazoo, MI 49001 | Raymond J. Bontrager<br>N9896 CR EE<br>Dalton, WI 53926 |

| | | |
|---|---|---|
| Richard R. Pletcher<br>7746 W 1350 N.<br>Nappanee, IN 46550 | Ron Truhler<br>710 Finch Drive<br>South Bend, IN 46614 | Ronald Porter<br>10081 12 Mile Road<br>Rockford, MI 49343 |